## Slattery's Estate

*Samuel H. High, Jr.*, of *High, Swartz, Flynn & Roberts*, and *Barnes, Dechert, Price & Smith*, for petitioners.

*Percival R. Rieder*, and *C. Clark Hodgson*, for respondents.

HOLLAND, P. J., October 3, 1945.—Girard Trust Company, Cyril A. Slattery, and F. Langton Slattery are the executors and also trustees under the will of

testator. The same persons are trustees under a deed of trust of Thomas F. Slattery, testator, under date of April 23, 1934. The surviving widow of testator is Lucie R. Slattery, and his children are Cyril A. Slattery, F. Langton Slattery, Thomas F. Slattery, Jr., Paul A. Slattery, Anna Slattery Mullen, and Lucie Slattery Duffy, all of whom are surviving and of full age. The principal beneficiaries of decedent's will are his said widow and children, and the same persons are the principal beneficiaries of the life insurance trusts.

Included in the Federal estate tax paid by said executors was tax assessed upon the following items, in addition to the individual estate passing under decedent's will: Transfers in contemplation of death to which executors allocate $7,374.26 of the tax, property held by decedent and his wife as tenants by the entireties to which executors allocate $3,316.97 of the tax of which property decedent's widow, Lucie R. Slattery, is the present owner, proceeds of insurance paid to decedent's widow, Lucie R. Slattery, to which executors allocate $163.80 of the tax, and proceeds of life insurance payable to the trustees, as aforesaid, under the deed of trust of decedent under date of April 23, 1934, to which executors allocate $29,324.80 of the tax. The Girard Trust Company, one of the executors, in its petition, contends that these respective sums should be paid into the individual estate of testator by reimbursement from these respective sources, that is, persons who received the gifts in contemplation of death, the widow who is the present owner of the property she acquired by survivorship held as tenants by the entireties, trustees of the life insurance trust and the widow to whom the life insurance was paid directly.

The executors and trustees under the will of the decedent, and trustees under the deed of trust aforesaid, with the exception of Girard Trust Company, which is also executor and trustee under the will and

trustee under the deed of trust, in their answer deny that contributions for reimbursement are due the individual estate of testator from the said sources but specify in paragraph 10 of their answer that they deny that reimbursement is due from the insurance trust only for the purpose of presenting the issue to this court. The surviving widow and all the children in their answer deny that reimbursement is due from any of the above sources except the insurance trust. They contend that the petition for proration should be dismissed except as to the proceeds of life insurance as to which argument should be had before the court.

Argument was had and a brief presented by counsel for the surviving widow and the children. The surviving widow and the children do not seriously contend against the contribution from the insurance trust to the individual estate in the sum of $29,324.80. Although it might be arguable that under paragraph 11 of the will, testator intended even this allocation to the life insurance trust would be paid out of his estate, inasmuch as the surviving widow and children who are the principal beneficiaries under the will do not oppose the proration and inasmuch as the same parties are the principal beneficiaries under the insurance trust, we see no reason why we should pass upon this issue, but decree the reimbursement to the individual estate by the insurance trust in the said sum of $29,324.80.

As to the payment by way of reimbursement from the other sources, the said paragraph 11 of the will is decisive. It directs as follows: "I direct that any and all inheritance, estate, and transfer taxes that may be imposed upon my estate or any part thereof, or any estate or any interest herein given, by the State of Pennsylvania, or any other State, or by the United States, shall be paid out of the corpus or principal of my said residuary estate."

In effect this clause directs that any conceivable tax by any taxing authority imposing a tax by virtue of his death shall be paid out of the principal of his residuary estate. He speaks of any tax "that may be imposed upon *my estate*" (italics ours). The Federal Government in fact has taxed all these items in question as part of the decedent's estate and inasmuch as the federal authorities regard these items as part of his estate we take it that it must come within the purview of his intention when he refers to "my estate." Furthermore, he continues using the disjunctive "or" to indicate that he contemplated some other class other, than his individual estate because he says, "*or* any estate or any interest *herein* given" (italics ours), which is subjected to any tax whatever, said tax must be paid out of the principal of his residuary estate. Of course, when he speaks of his "residuary estate," he can only mean the residuary estate under the terms of his will. We are of the opinion, therefore, that this paragraph 11 is sufficient authority to have all the taxes involved in this petition and these answers except the tax on the insurance trust paid out of the individual estate of the decedent, which, of course, will necessitate the dismissal of the petition as to those items.

And now, October 3, 1945, upon consideration of the petition and answers, it is ordered and directed that trustees of the life insurance trust under deed of decedent dated April 23, 1934, pay to the executors of the will of decedent the sum of $29,324.80; and it is futher decreed that the petition is dismissed as to the claim for reimbursement by the Girard Trust Company, executor, to the individual estate of decedent in the respective sums of $163.80 from decedent's widow, $3,316.97 from decedent's widow, and $7,374.26 on account of federal estate tax on gifts made in contemplation of death; costs of this proceeding to be paid out of the individual estate of decedent.